IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Kevin L. Choice, ) | |
| ) | Civil Action No. 8:03-1999-RBH-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Willie L. Eagleton, Warden of Evans ) | |
| Correctional Institution; the State of ) | |
| South Carolina; and Henry McMaster, ) | |
| Attorney General of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, Kevin L. Choice, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254. The respondents have filed a motion for summary judgment seeking dismissal of the petition.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## PROCEDURAL HISTORY AND FACTS PRESENTED

*Conviction and Direct Appeal*

The record reveals that the petitioner is currently incarcerated in the Lee Correctional Institution[1] of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Sumter County. The petitioner was indicted at the September 1999 term of the Court of General Sessions for Murder, and Possession of a Firearm During the Commission of a Violent Crime, and Possession of a Firearm on the

---

[1] At the time he filed the instant petition, the petitioner was confined in the Evans Correctional Institution.

Premises of an ABC store (99-GS-43-756) (Record at 347-349).  The petitioner was represented by Patrick Wright, Esq.  On March 5-7, 2001, the petitioner was tried before a jury with the Honorable Henry L. McKellar presiding.  The jury convicted the petitioner on all charges.  Judge McKellar sentenced the petitioner to life in prison without parole on the murder charge, five (5) years for the possession of a firearm during commission of a violent crime charge, and three (3) years for the possession of a firearm on the premises of an ABC store.

The petitioner filed a timely Notice of Appeal, alleging as his sole issue on appeal:

> Whether the trial judge erred by allowing appellant to be impeached with his prior drug convictions under Rule 609(a)(1), SCRE, since the prejudicial effect of these drug convictions outweighed their probative value, and the probability this evidence would be misunderstood where the shooting occurred in a nightclub?

(Final *Anders* Brief of Appellant, 3).  On October 1, 2002, the South Carolina Court of Appeals entered its opinion dismissing the appeal.  *State v. Choice*, No. 2002-UP-603 (S.C. Ct. App. Filed October 1, 2002).  A petition for rehearing was filed.  The Court of Appeals denied the petition on November 21, 2002.

On December 10, 2002, the petitioner filed a petition for writ of certiorari to the South Carolina Supreme Court, alleging as the sole ground for relief:

> Did the solicitor who prosecuted the crimes the Petitioner was accused of committing violate the separation of powers clause of the South Carolina Constitution Article I, Section 8 which caused the circuit court to lose jurisdiction of the subject matter where it is unconstitutional for the Solicitor to bind the Petitioner up to the circuit court and decide the probable cause of the crimes in magistrate court?

(Pet. for Cert. 1).  On January 9, 2003, the respondents filed a waiver of formal return and a letter response in which respondents' counsel stated:

> This matter is wholly frivolous and certiorari must be denied. The South Carolina Court of Appeals dismissed the appeal, upon

> review pursuant to *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991) and *Anders v. California*, 386 U.S. 738 (1967). *State v. Kevin Choice*, Unpublished Op. No. 2002-UP-603 (S.C.Ct. App. Oct. 1, 2002). In the final *Anders* brief of Appellant, counsel for the Petitioner conceded that "Appellant was indicted at the September 7, 1999 term of the Sumter County Grand Jury for the offenses of murder, possession of a weapon during the commission of a violent crime, and carrying a pistol onto a[n] ABC premises." Final *Anders* Brief of Appellant, p. 4. The Record on Appeal includes the indictment, 99-GS-43-756, which includes the "true bill" and signature of the Grand Jury foreperson. R. P. 347-349. A presumption of regularity attaches to proceedings in the Court of General Sessions. *Pringle v. State*, 287 S.C. 409, 339 S.E.2d 127 (1986). Absent evidence to the contrary, the court must presume that the indictment is valid and that the trial court had jurisdiction. *State v. James*, 321 S.C. 75, 79, 472 S.E.2d 38, 40 (Ct. App. 1996). The Petitioner's bare assertions are insufficient to show the court lacked jurisdiction. This same issue was raised in the Petition for Rehearing and denied by the Court of Appeals on November 21, 2002. Respondents submit it is wholly without merit.

(Zelenka Letter, January 9, 2003). The Supreme Court denied the Petition for Certiorari by written order dated May 13, 2003. In the same order, the Court also denied the petitioner's intervening *pro se* motion objecting to the State's return, a *pro se* motion for summary judgment, a *pro se* petition for writ of mandamus, and a *pro se* motion for an ex-parte hearing.

### *PCR Application*

On December 3, 2003, the petitioner filed an application for post-conviction relief ("PCR"). The respondents made a return. On August 20, 2004, the petitioner filed an amended application raising new issues. On October 6, 2004, the Honorable Howard P. King held an evidentiary hearing on the matter. The petitioner was present at the hearing and was represented by attorney John James, III. In his amended application, the petitioner raised the following issues:

>    (a)   Evidence gathered contrary to Fourth Amendment rights of applicant.
>
>    (b)   Improper indictments.

3

>   (c)   Never served with warrants regarding weapons charges.
>
>   (d)   Right to speedy trial violated.
>
>   (e)   No rehabilitation in prison.
>
>   (f)   Conditions of confinement violate due process rights.
>
>   (g)   No return filed to application for PCR.
>
>   (h)   Appellate counsel failed to raise issues as requested during appeal, resulting in inadequate appeal.
>
>   (i)   Solicitor failed to give notice to applicant prior to trial that he was seeking a life sentence (S.C. Code Ann. 17-25-45).

On November 18, 2004, Judge King issued an order of dismissal. On November 29, 2004, the petitioner made a Rule 59 motion to alter or amend the judgment. On December 8, 2004, Judge King denied the motion.

On December 16, 2004, the petitioner filed a Notice of Appeal. From the record, it appears that the appeal from the state PCR order is still pending.

***Federal Habeas Corpus Petition***

On June 27, 2003, prior to the petitioner's state PCR application, he filed this petition for habeas corpus, making the following allegations:

>   I.   Did the Solicitor who prosecuted the crimes the Petitioner was accused of committing violate the Separation of Powers Clause of the South Carolina Constitution Article I, §8 which caused the Circuit Court to lose jurisdiction of the subject matter where it is unconstitutional for the Solicitor to bind the Petitioner up to Circuit Court and decide the probable cause of the crime in the Magistrate's Court?
>
>   II.   The trial court lacked subject matter jurisdiction to convict and sentence petitioner for procedural violations of SCRCrimP Rule 3, which rendered indictment unconstitutional null and void.

By a report and recommendation filed July 14, 2003, this court recommended that the petition be dismissed before service of process for failure to exhaust state remedies. On July 25, 2003, the petitioner filed objections to the report and recommendation, asserting

that the issues raised in his habeas action are different than those in his pending state PCR action. By order dated January 19, 2005, United States District Judge R. Bryan Harwell remanded the action back to this court "with instructions to address inquiries to the petitioner requesting details of state proceedings in which he exhausted the claims he now presents in his habeas petition and details of his pending state PCR application." (Order, J. Harwell, January 21, 2005).

On March 17, 2005, this court issued an order directing the petitioner to respond to special interrogatories regarding his state PCR proceeding. The petitioner indicated that his petition for a Writ of Certiorari is still pending in the South Carolina Supreme Court. In addition, he reiterated the two grounds outlined above for habeas relief.

On June 15, 2005, the respondents filed a motion for summary judgment. By order of this court filed June 17, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondents' motion. The petitioner filed his response in opposition to the motion for summary judgment on July 1, 2005.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e), provides in pertinent part as follows:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of

>   the evidence presented in the State court proceeding.
>
>   (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .

*Id.* at 910-11 (citations omitted).

## ANALYSIS

In this federal habeas corpus action, the petitioner has raised separate issues from those he raised in the state PCR proceeding which is still pending. Because these issues were raised in the petitioner's direct appeal, the respondents concede that these issues are exhausted and ripe for consideration in this court (resp. memo. at 7).

In his first allegation, the petitioner alleges that the state trial court lacked subject matter jurisdiction to convict under the South Carolina Constitution because the

6

petitioner was indicted before he could be arraigned in magistrate court. In his second ground for relief, the petitioner again asserts that the state court lacked subject matter jurisdiction because the state did not properly obtain or file the indictments in this case within 90 days of the petitioner's arrest, as required under S.C.R.Crim.P 3(c).

Both of the petitioner's assertions that the state trial court lacked subject matter jurisdiction raise issues of state law because they involve interpretations of state statutes. These claims are not cognizable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994)("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law ..."). Accordingly, the petition should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

s/ Bruce H. Hendricks

United States Magistrate Judge

November 10, 2005

Greenville, South Carolina