UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Kevin L. Choice, | ) | C/A No. 8:03-1999-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Willie L. Eagleton, Warden of Evans | ) | |
| Correctional Institution; the State of | ) | |
| South Carolina; and Henry McMaster, | ) | |
| Attorney General of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Kevin L. Choice is an inmate of the South Carolina Department of Corrections ("SCDC") currently incarcerated at Lee Correctional Institution. Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that the state trial court lacked subject matter jurisdiction to convict him on two grounds. He first alleges that the Solicitor violated the separation of powers clause of the South Carolina Constitution, Article I, §8 and §11, guaranteed by the Sixth Amendment and applied to the states by virtue of the Fourteenth Amendment, by binding the petitioner up to the circuit court without a valid magistrate court arraignment. He also alleges lack of subject matter jurisdiction based on procedural violations of S.C.R.Crim.P. 3, allegedly resulting in a violation of the Fifth Amendment, applied to the states under the Fourteenth Amendment. The petition was filed on June 27, 2003.

## PROCEDURAL HISTORY

Petitioner was indicted in September of 1999 by the Sumter County Grand Jury for murder, possession of weapon during violent crime and carrying a pistol onto ABC premises. The case was

1

tried before a jury in state court on March 5-7, 2001. The jury convicted the petitioner on all charges and he was sentenced by Judge Henry L. McKellar to life in prison without parole on the murder charge, five (5) years for possession of a firearm, and three (3) years for possession of a firearm on the premises of an ABC store.

Petitioner appealed his conviction and sentence to the South Carolina Court of Appeals, which dismissed the appeal. *State v. Choice*, No. 2002-UP-603 (S.C. Ct. App., filed October 1, 2002.) The sole ground asserted on behalf of the petitioner on appeal was whether he was properly impeached with evidence of his prior drug convictions. The Court of Appeals denied the petitioner's Petition for Rehearing on November 21, 2002. The petitioner then filed a petition for writ of certiorari with the South Carolina Supreme Court on December 10, 2002. The sole question presented to the court was as follows:

> Did the solicitor who prosecuted the crimes the Petitioner was accused of committing violate the separation of powers clause of the South Carolina Constitution Article I, Section 8 which caused the circuit court to lose jurisdiction of the subject matter where it is unconstitutional for the Solicitor to bind the Petitioner up to the circuit court and decide the probable cause of the crimes in magistrate court?

(See document [16] Motion for Summary Judgment with attachment [18].)

The South Carolina Supreme Court denied the petition for writ of certiorari and other motions filed by the petitioner on May 13, 2003. This petition for habeas corpus relief was filed on June 27, 2003. Subsequently, on December 3, 2003, the petitioner filed an application for post-conviction relief ("PCR") which was denied by written order on November 18, 2004.[1] The petitioner's motion to alter

---

[1] The grounds for the PCR were that evidence was gathered in violation of the Fourth Amendment, the petitioner was never served with warrants regarding the weapons charges, the conditions of confinement in prison violate the petitioner's due process rights, no return was filed to the amended PCR petition, insufficient notice of the solicitor's intent to seek a life sentence, violation of right to speedy trial, ineffective assistance of trial and appellate counsel, lack of subject matter

or amend the judgment was denied on December 8, 2004. A Notice of Appeal was filed on December 16, 2004, and the appeal is apparently still pending.

## FEDERAL HABEAS PETITION

The Petitioner alleges in his 2254 petition two primary issues:

> 1. Did the solicitor who prosecuted the crimes the Petitioner was accused of committing violate the separation of powers clause of the South Carolina Constitution Article I, Section 8 which caused the circuit court to lose jurisdiction of the subject matter where it is unconstitutional for the Solicitor to bind the Petitioner up to the circuit court and decide the probable cause of the crimes in magistrate court?
>
> 2. The trial court lacked subject matter jurisdiction to convict and sentence petitioner for procedural violations of S.C.R.Crim.P. 3, which rendered indictment unconstitutional null and void.

The Magistrate Judge issued a report and recommendation on July 14, 2003 recommending the petition be dismissed before service of process for failure to exhaust state remedies. On July 25, 2003, the petitioner filed objections to the Report, contending that the points alleged in the habeas action are different than those in his pending state PCR action. This Court issued an order on January 19, 2005 remanding the case back to the Magistrate Judge with instructions to obtain details of the state proceedings so that the question of exhaustion could be further analyzed. Special Interrogatories were forwarded by the Magistrate Judge to the petitioner, who filed responses on April 1, 2005. On April 26, 2005 the Magistrate Judge issued an order authorizing service of process. On June 16, 2005, the defendants filed a Return and Motion for Summary Judgment. Magistrate Judge Hendricks issued an

---

jurisdiction based on sufficiency of the indictments. Specifically, regarding the indictments, the PCR petition alleged: "although indictment states Grand Jury convened September 7, 1999, no record of such a meeting; therefore indictment is void"; the clerk could not therefore properly process the indictment; the indictment was not attested to in clerk's name under seal as required by S.C. Code Ann. §14-17-260; and the clerk failed to sign the document and affix the time it was entered. *See* Amended Application for Post-Conviction Relief, attachment [1] to [16] Motion for Summary Judgment.

3

order filed June 17, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On July 1, 2005 the petitioner filed a response to respondents' motion for summary judgment.

Based on a review of the record, the Magistrate Judge in her Report concluded that summary judgment should be granted and the petition dismissed. She advised the petitioner of the procedures and requirements for filing objections to the report. On December 2, 2005, the petitioner filed his objections to the Report. In his objections, the petitioner alleges that the Magistrate Judge ignored his federal constitutional arguments and only addressed the state law claims. He does not allege error in the recommendation by the Magistrate Judge that summary judgment should be granted insofar as the petitioner seeks to raise questions of state law that have already been addressed by state courts.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce H. Hendricks filed November 10, 2005. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. Mathews v. Weber, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report

4

thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## **ANALYSIS**

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. *See* 28 U.S.C.A. §2254(b) (West Supp. 2001). To satisfy this requirement, a petitioner must present the claims during state court proceedings. *George v. Angelone*, 100 F. 3d 353, 362 ((4th Cir. 1996). The respondents have conceded that the state law questions that the petitioner has raised were presented to the South Carolina Supreme Court and that they were exhausted. (See Return and Memorandum of Law in Support of Motion for Summary Judgment, page 7.) A state court's decision on a question of state law is binding in federal court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Thomas v. Davis*, 192 F.3d 445, 449 (4th Cir. 1999); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998); *Huffington v. Nuth*, 140 F.3d 572, 584 (4th Cir. 1998).

The petitioner's first issue relating to the separation of powers clause of the South Carolina Constitution is the identical question which was presented to the South Carolina Supreme Court in the Petition for Writ of Certiorari. The petitioner's second issue pertaining to the solicitor's alleged failure to comply with S.C.R.Crim.P. 3(c) was also presented to the South Carolina Supreme Court by way of the petitioner's "Motion of Objection to the State's Return before the South Carolina Supreme Court". *(See* Attachment [11] to [16] Return.) Therefore, this Court finds that the state law claims under the separation of powers clause of the South Carolina Constitution and under South Carolina Rule of Criminal Procedure 3 were addressed by the state courts and, as they deal with a state court's decision on a question of state law, they are binding in federal court and not a basis for §2254 relief.

Regarding the petitioner's allegation that the solicitor violated the separation of powers clause of the South Carolina Constitution by prosecuting the case without a proper arraignment, under South Carolina law, unless contrary evidence is presented, a presumption exists that the indictment is valid and that the trial court had jurisdiction. *State v. James*, 321 S.C. 75, 79, 472 S.E. 2d 38, 40 (Ct. App. 1996). Lack of a formal arraignment does not create lack of subject matter jurisdiction. *See State v. Ariail*, 311 S.C. 35, 37, 426 S.E.2d 751, 753 (1993), holding that by proceeding to trial a defendant waives objections to the sufficiency of the court's inquiry regarding the waiver of arraignment. *See also*, *State v. Charron*, 351 S.C. 319, 327-328, 569 S.E.2d 388, 393 (Ct. App. 2002), finding no error in lack of arraignment where a party goes to trial.

The petitioner also takes the position that the state court lacked subject matter jurisdiction since the solicitor did not comply with the provisions of South Carolina Rule of Criminal Procedure 3(c). Petitioner has not filed any specific objections to the Report and Recommendation on the basis of Rule 3. However, the Court will address the arguments made by the petitioner regarding Rule 3 in his habeas Petition. Rule 3(c) provides that the solicitor shall, within 90 days after receipt of an arrest warrant from the Clerk of Court, prepare an indictment for presentment to the grand jury, dismiss, or otherwise dispose of the warrant. The rule also allows the solicitor to obtain successive 90 day extensions of the deadline by showing good cause to a circuit judge. As stated above, it is not the province of a federal court to reexamine questions of state law which have been decided by state courts. *See Estelle v. McGuire, supra*. Moreover, the South Carolina Supreme Court has held that a failure to comply with the 90-day requirement in the rule does not render an indictment void for lack of jurisdiction. *State v. Culbreath*, 282 S.C. 38, 316 S.E. 2d 681 (1984).

6

The petitioner has additionally alleged in his objections and in his initial brief in support of his habeas corpus petition that his Fourteenth, Fifth, and Sixth Amendment rights were violated by the alleged irregularities in the state indictment process. It is not clear from the record that the federal issues were raised by the petitioner in the state proceedings. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Even if the issues were raised, the petitioner's claims fail. Habeas relief is authorized when the state court litigation "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See generally Williams v. Taylor*, 529 U.S. 362 (2000); *Ramdass v. Angelone*, 530 U.S. 156 (2000). This standard was enacted as part of the AEDPA. The petitioner has failed to establish that the decision by the state courts was contrary to or an unreasonable application of clearly established federal law. *See Hartman v. Lee*, 283 F.3d 190 (4th Cir. 2002), *cert denied*, 537 U.S. 1114 (2003), holding in a §2254 case that the use of the North Carolina short-form indictment for murder does not violate the due process clause of the Fourteenth Amendment or the Sixth Amendment, where the petitioner did not contend that he was not aware that the state intended to seek a conviction of first degree murder.

The Fifth Amendment requirement of indictment by grand jury does not apply to the states. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). "(F)ederal cases involving indictments are of little value when evaluating the sufficiency . . . of a state accusatory pleading." *Hartman,* 283 F.2d at 195,

*citing Wilson v. Lindler*, 995 F.2d 1256, 1264 (4th Cir.) (Widener, J., dissenting), *adopted*, 8 F.3d 173, 175 (4th Cir. 1993) (en banc) (per curiam).

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court overrules all objections and adopts the Report and Recommendation and incorporates it herein by reference.  Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

February 9, 2006
Florence, SC